**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                        08-mj-22-1-JM

Rodney Gorospe

**ORDER OF PROBABLE CAUSE AND
DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act,
18 U.S.C. §§ 3141 et seq., a hearing was conducted on February
14, 2008, for the purpose of determining whether to detain
defendant, Rodney Gorospe, who has been charged with aiding and
abetting the manufacturing of methamphetamine.  In the case of a
complaint, defendant is entitled to, and had a hearing to
determine if there is probable cause to believe the offenses were
committed and if defendant committed them.  Here, there is
evidence from a witness whose testimony includes statements made
to her, her observations and even use of the end product.  There
were numerous purchases (some video taped), and physical evidence
from dump pulls of ingredients and devices to make meth.
Probable cause is easily found.

Under 18 U.S.C. § 3142(b), a court, in making a
determination regarding detention, must evaluate the risk of the

defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial."  United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is

required to offer clear and convincing evidence of dangerousness;
and a preponderance of the evidence to prove risk of flight.  <u>See</u>
<u>Patriarca</u>, 948 F.2d at 792-93.  Facts necessary to find that no
combination will reasonably assure the safety of any person and
the community require satisfaction of the "clear and convincing"
standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a
presumption arises that no condition or combination of conditions
will reasonably assure the appearance of a defendant and the
safety of the community.  Among the instances where a presumption
arises is the situation where,

> the judicial officer finds that there is probable cause to
> believe that the person committed an offense for which a
> maximum term of imprisonment of ten years or more is
> prescribed in the Controlled Substances Act (21 U.S.C. 801
> et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, I have found probable cause to believe
that the offenses charged have been committed and that the
defendant has committed them.  Further, the offenses charged
against defendant are ones for which a maximum term of
imprisonment is ten years or more, as prescribed in the
Controlled Substances Act, 21 U.S.C. §§ 801 <u>et seq.</u>  <u>See</u> <u>United</u>

3

States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably, the burden is one of production, not of persuasion.  Id. at 380-81.

Here, I find that the defendant fails to rebut the presumption with regard to risk of flight and danger to the community.  Specifically, the weight of the evidence as seen on page one is ample.  Defendant has a history of non-appearance and his current ties here are not great.

The defendant here is precisely the type of individual Congress envisioned when it established the statutory presumption.

4

Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant has not rebutted with any credible evidence the presumption that he poses a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  February 19, 2008

cc:  Michael J. Iacopino, Esq.
     Jennifer C. Davis, Esq.
     U.S. Marshal
     U.S. Probation

6